IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IRMA ROSAS, | § § § | |
| *Plaintiff,* | § § | CIVIL NO. |
| vs. | § § | SA-18-CV-0536-DAE |
| UNIVERSITY OF TEXAS AT SAN ANTONIO AND THE UNIVERSITY OF TEXAS AT AUSTIN, | § § § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation concerns Defendant the University of Texas at San Antonio's Motion to Dismiss [#12]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#15]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the motion should be granted.

### I. Analysis

Plaintiff's First Amended Complaint sues the University of Texas at San Antonio ("UTSA") and the University of Texas at Austin ("UT") pursuant to Title VI and VIII[1] of the Civil Rights Act of 1964, alleging that Defendants discriminated against her because of her national origin. (Am. Compl. [#6] at ¶¶ 1–2.) Plaintiff's Amended Complaint also includes claims under 42 U.S.C. §§ 1983, 1985, and 1986. (*Id.* at ¶ 16.) Plaintiff alleges that Defendants maliciously conspired to terminate her financial aid in 2012 while she was a doctoral student in

---

[1] Title VIII of the Civil Rights Act of 1964 relates to voting registration and statistics. 42 U.S.C. § 2000f. Title VIII of Civil Rights Act of 1968 covers housing discrimination and

1

UTSA's Department of Bicultural and Bilingual Studies. (*Id.* at ¶¶ 3–10.) According to Plaintiff, she was led to believe that the termination of her financial aid was due to her online criticism of Austin Independent School District, when in fact she learned on June 27, 2017 that her aid was terminated because she was enrolled less than part-time during the fall semester 2012. (*Id.* at ¶¶ 4–5.) Plaintiff asserts that her supervisors at UTSA had instructed her to enroll for less than part-time, but UTSA deliberately kept the true reason for the termination from her in order for the statute of limitations on her claims to expire. (*Id.* at ¶¶ 6–7.) Plaintiff also complains that during the time period in which she was enrolled in her doctoral program, Defendants engaged in preferential treatment of international students and others who did not, like Plaintiff, identify as Chicana,[2] with respect to tuition waivers, fellowships, and employment. (*Id.* at ¶¶ 11, 43–80.)

UTSA moves to dismiss Plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(6), on the basis that Plaintiff's claims are barred by Eleventh Amendment immunity and the applicable statutes of limitations and generally fail to state a claim upon which relief can be granted. UTSA filed its motion to dismiss on September 5, 2018. Although Plaintiff is proceeding *pro se*, she has permission to file and receive documents in this case electronically. (*See* Order [#8].) Accordingly, Plaintiff's response to UTSA's motion was due on or before September 19, 2018. Loc. R. CV-7(e) (providing that responses to dispositive motions are due within 14 days of motion's filing). To date, Plaintiff has not filed a response to the motion. Pursuant to Local Rule CV-7(e), if there is no response filed within the time period prescribed by the rules, the court may grant the motion as unopposed. Having considered Plaintiff's Amended Complaint in

---

[2] Plaintiff defines "Chicana" as a woman of Mexican descent born in the United States who is "prone to assert a politically-conscious way of life." (Am. Compl. [#6] at ¶ 82.)

light of the arguments in UTSA's motion to dismiss, as well as the lack of response from Plaintiff, the undersigned recommends the motion be granted.

**A.     Plaintiff's claims against UTSA are barred by Eleventh Amendment immunity.**

UTSA seeks dismissal of all of Plaintiff's claims on the basis of Eleventh Amendment immunity, i.e., sovereign immunity. The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. The Supreme Court has interpreted the Amendment as barring suits against a state in federal court without that state's consent. *See e.g. Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This jurisdictional bar prohibits all suits against a state regardless of the relief sought, whether it be compensatory damages, punitive damages, or monetary awards in the nature of equitable restitution, or other equitable relief. *Id.* at 100–01; *Clay v. Tex. Women's Univ.*, 728 F.2d 714, 715 (5th Cir. 1984). The Eleventh Amendment's reach also extends to suits against a state agency or state official in his or her official capacity, i.e., when the award is to be paid from the state treasury. *Clay*, 728 F.2d 715.

Public universities may qualify for immunity as agencies of the state, depending upon "their status under state law and their relationship to state government." *Lewis v. Midwestern State Univ.*, 837 F.2d 197, 198 (5th Cir. 1988). Under Texas law, state universities are agencies of the State of Texas and enjoy sovereign immunity. *U.S. Oil Recovery Site Potentially Responsible Parties Grp. v. R.R. Comm'n of Tex.*, 898 F.3d 497, 501–02 (5th Cir. 2018) (collecting cases finding that Texas universities are arms of the state for sovereign immunity purposes); *see also* Tex. Gov't Code § 572.002(10)(B) (defining "state agency" to include "a university system or an institution of higher education as defined by [the Texas] Education

Code"); Tex. Educ. Code § 65.02(a)(6) (defining UTSA as a part of the University of Texas System); *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 354 & n.5 (Tex. 2004) (indicating that institution that was a part of The University of Texas System was a state agency), *superseded by statute on other grounds as stated in Casanover v. Tomball Reg'l Hosp. Auth.*, No. 01-04-00136-CV, 2006 WL 23407, at *2 n.2 (Tex. App. Jan. 5, 2006). Accordingly, the Eleventh Amendment bars all of Plaintiff's claims against UTSA unless her claims fall under an exception to immunity.

The Supreme Court has long recognized an important exception to the doctrine of sovereign immunity where a plaintiff seeks prospective injunctive relief against state officers to enjoin violations of federal law. *Ex Parte Young*, 209 U.S. 123 (1908). Although Plaintiff's lawsuit seeks compensatory damages, punitive damages, and injunctive relief, she does not sue any state officers, only UTSA and UT. (Am. Compl. [#6] at 17.) Accordingly, the *Ex Parte Young* exception does not apply here to save Plaintiff's claims from dismissal, and the Court should grant Plaintiff's motion. Because the immunity issue requires dismissal of all of Plaintiff's claims against UTSA, the court need not and will not consider the other arguments raised in UTSA's motion to dismiss.

**B.     The Court should *sua sponte* dismiss Plaintiff's claims against UT.**

Federal Rule of Civil Procedure 12(h)(3) directs a court to dismiss an action at any time it determines that the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Fifth Circuit has recognized the applicability of Rule 12(h)(3)'s directive in the context of Eleventh Amendment immunity. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465–66 (5th Cir. 1999) (raising the issue of subject-matter jurisdiction *sua sponte* in the context of Eleventh Amendment immunity). Because UT, like UTSA, is considered an agency of the State of Texas, *see* Tex.

4

Educ. Code § 65.02(a)(2), Plaintiff's claims against UT must also be dismissed under the doctrine of sovereign immunity.

## II.  Conclusion and Recommendation

Having considered UTSA's motion, as well as the lack of any response by Plaintiff, the undersigned recommends that Defendant the University of Texas at San Antonio's Motion to Dismiss [#12] be **GRANTED** and the Court dismiss Plaintiff's claims against UTSA for lack of subject-matter jurisdiction.  Because this Court also lacks subject-matter jurisdiction over Plaintiff's claims against UT, it is recommended that the District Court dismiss Plaintiff's claims against UT *sua sponte*.

Having considered and acted upon all matters for which the above-entitled and numbered case were referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections

to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 4th day of October, 2018.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE